## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUSING AUTHORITY PROPERTY INSURANCE AND HOUSING AUTHORITY PROPERTY INSURANCE AS SUBROGEE OF NEWARK HOUSING AUTHORITY, <br><br> Plaintiffs, <br><br> v. <br><br> BROAN-NUTONE, LLC, JOHN DOES 1-10, AND ABC CORPS. A-Z AND 1-10, <br><br> Defendants. | Civil Action No.: <br><br> **NOTICE OF REMOVAL** |

**TO:** United States District Court
District of New Jersey

Pursuant to 28 U.S.C. §§ 1441 and 1446, Broan-Nutone, LLC ("Defendant" or "Broan"), by and through its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Superior Court of New Jersey, Law Division, Essex County, in which this matter is now pending, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

### NATURE OF ACTION

1. On or about March 11, 2021, Plaintiff Housing Authority Property Insurance and Housing Authority Property Insurance as Subrogee of Newark Housing Authority ("Plaintiff") filed its Complaint in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-1912-21. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

2. This is a product liability action in which Plaintiff alleges that, on November 17, 2017, a fire arose from a ceiling exhaust fan manufactured and sold by Broan. *See* Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

4. Plaintiff served Defendant with a Summons, Complaint and Civil Case Information Sheet on March 16, 2021.

5. Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely filed within the requisite thirty (30) days after Defendant's receipt of the initial pleading.

## AMOUNT IN CONTROVERSY

6. This notice of removal is filed on the grounds that there is diversity of citizenship between the parties, and because the amount in controversy exceeds the amount required by 28 U.S.C. § 1332.

7. In its Complaint, Plaintiff alleges that it suffered damages of approximately $200,000.00. *See* Exhibit A.

8. This notice of removal is, therefore, proper because the amount in controversy is greater than the amount required by 28 U.S.C. § 1332(b).

## DIVERSITY OF CITIZENSHIP

9. Plaintiff Housing Authority Property Insurance is located at 189 Commerce Court, Chestire, CT. As such Plaintiff is a citizen of Connecticut. *See* Exhibit A.

10. Plaintiff's insured, the Newark Housing Authority, is located in Newark, NJ.

11. Defendant Broan-NuTone LLC is a Delaware limited liability company with its principal place of business in Wisconsin. The sole member of Broan-NuTone, LLC is Nortek, Inc. with 100% ownership interest in Defendant's business. Nortek, Inc. is a Delaware corporation with its principal place of business in Georgia. Thus, Broan is a citizen of Wisconsin, Delaware and Georgia.

12. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists among all parties in this action.

## JURISDICTION & PLEA FOR REMOVAL

13. As set forth above, this Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 and § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

14. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

15. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through its attorney of record, and is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant files this Notice of Removal so that the entire state court action under Docket No. ESX-L-1912-21 that is now pending in the Superior Court of New Jersey, Law Division, Essex County, shall be removed to this Court for all further proceedings.

Respectfully submitted,
**GOLDBERG SEGALLA LLC**

Dated: April 9, 2021    By: _____
Christopher P. Midura, Esq.
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6530
Tel: 609-986-1300
Fax: 609-986-1301
Attorneys for Defendant,
Broan-Nutone, LLC

To: Joshua Biel, Esq.
Clerk, Superior Court of New Jersey
Law Division – Essex County

29618386.v1

# Exhibit A

Jan Meyer, Attorney ID# 020391994
Joshua Beil, Attorney ID # 029042021
Law Offices of Jan Meyer & Associates, P.C.
1029 Teaneck Road
Second Floor
Teaneck, New Jersey 07666
*(201) 862-9500*
Attorney for Plaintiff(s)
Our File Number: A7WY7

| | |
|---|---|
| Housing Authority Property Insurance and Housing Authority Property Insurance as subrogee of Newark Housing Authority,<br><br>Plaintiffs,<br><br>-against-<br><br>Broan-Nutone, LLC, "John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Housing Authority Property Insurance, and Plaintiff, Housing Authority Property Insurance as subrogee of Newark Housing Authority, say:

## THE PARTIES

1. Housing Authority Property Insurance [hereinafter "Plaintiff"] is located at 189 Commerce Court, Cheshire, CT 06410 and does business in Essex County.

2. Newark Housing Authority [hereinafter "Plaintiff's insured"] does business at 408 and 410 Holiday Court, Newark, NJ 07104.

3. Hereinafter, Plaintiff, Housing Authority Property Insurance, and Plaintiff, Housing Authority Property Insurance as subrogee of Newark Housing Authority, are

referred to individually and collectively as "Plaintiffs."

4. Defendant Broan-Nutone, LLC does business at 926 West State Street, Hartford, WI 53027.

5. Defendant(s) "John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10 are fictitiously named parties.

6. Hereinafter, Broan-Nutone, LLC, "John Doe"(s) 1-10, and "ABC Corporation"(s) A-Z and 1-10 are referred to individually and/or collectively as "Defendants."

## FACTS RELEVANT TO ALL COUNTS

7. Plaintiff is in the business of insurance.

8. Plaintiff's insured is the insured under a certain policy issued by Plaintiff.

9. At all times relevant, Plaintiff's insured owned the property located at 408 and 410 Holiday Court, Newark, NJ.

10. At all times relevant hereto, upon information and belief Defendant Broan-Nutone, LLC and "John Doe"(s) 1-10 and "ABC Corporation"(s) A-Z and 1-10 were engaged in the business of developing, manufacturing and/or marketing ceiling fans.

11. At all times relevant hereto, upon information and belief, Defendant Broan-Nutone, LLC and "John Doe"(s) 1-10 and "ABC Corporation"(s) A-Z and 1-10 were engaged in the business of selling items to consumers.

12. Upon information and belief, on or about November 11, 2017, a Broan-Nutone, LLC ceiling fan was present in Plaintiff's insured's property.

13. Upon information and belief, said fan was purchased and owned by Plaintiff's

insured.

14. Upon information and belief, the ceiling fan and its components were manufactured by Defendant Broan-Nutone, LLC and "John Doe"(s) 1-10 and "ABC Corporation"(s) A-Z and 1-10.

15. The ceiling fan and its component parts were defective as to design, manufacture, and/or warnings, causing the ceiling fan and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

16. As a result of Defendant's actions, on or about November 11, 2017, the ceiling fan caught on fire.

17. As a result of Defendant's actions, on or about November 11, 2017, Plaintiff's insured's property caught fire and sustained damages.

18. As a direct and proximate result of Defendant's actions, Plaintiff paid claims in the amount of $198,043.59.

## FIRST COUNT
### (Negligence Against All Defendant(s))

19. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

20. Defendants owed a duty of reasonable care to Plaintiff's insured.

21. Defendants breached said duty by, *inter alia*, behaving in the reckless, careless, willful and wanton, and/or negligent manners described above.

22. In addition, or in the alternative, Defendants breached said duty by, *inter alia*, providing defective warnings regarding said ceiling fan.

23. In addition, or in the alternative, Defendants breached said duty by, *inter alia*, breaching its continuing duty to protect Plaintiffs from a dangerously defective product. See

e.g. <u>Stephenson v R.A. Jones & Co., Inc.</u> 103 N.J. 194 (1986).

24. As a result of Defendants' actions or omissions, Plaintiff's insured sustained property damage.

25. As a result of Defendants' actions or omissions, Plaintiff's insured(s) sustained $198,043.59 in damages.

26. As a result of Defendants' actions or omissions, Plaintiff paid claims in the amount of $198,043.59.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants jointly, severally, and in the alternative, as follows:

A. $198,043.59 plus future amounts if any;

B. Compelling arbitration or other appropriate dispute resolution for any matters required to be thus resolved pursuant to relevant statute, regulation and/or contractual agreements;

C. Costs of Suit;

D. Attorney Fees;

E. Indemnification;

F. Contribution;

G. Other relief as the Court may deem equitable and just.

## SECOND COUNT
### (Strict Products Liability)

27. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

28. Defendants placed the ceiling fan into the stream of commerce.

29. The ceiling fan and its component parts were defective as to design,

manufacture, and/or warnings, causing the ceiling fan and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

30. As a direct and proximate result of the defective and dangerous condition of the ceiling fan, Plaintiffs incurred damages including but not necessarily limited to $198,043.59 in claims paid to its insured.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants jointly, severally, and in the alternative, as follows:

A. $198,043.59 plus future amounts if any;

B. Compelling arbitration or other appropriate dispute resolution for any matters required to be thus resolved pursuant to relevant statute, regulation and/or contractual agreements;

C. Costs of Suit;

D. Attorney Fees;

E. Indemnification;

F. Contribution;

G. Other relief as the Court may deem equitable and just.

### THIRD COUNT
### (Breach of Contract/Warranty)

31. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

32. Defendants owed Plaintiff's insured contractual duties including, *inter alia*, express and implied warranties, that the ceiling fan and its components were merchantable, fit for the intended purpose and safe for normal use.

33. Defendants breached said duties.

34. As a direct and proximate result of said breach, Plaintiffs incurred damages including but not necessarily limited to $198,043.59 in claims paid to its insured.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants jointly, severally, and in the alternative, as follows:

A. $198,043.59 plus future amounts if any;

B. Compelling arbitration or other appropriate dispute resolution for any matters required to be thus resolved pursuant to relevant statute, regulation and/or contractual agreements;

C. Costs of Suit;

D. Attorney Fees;

E. Indemnification;

F. Contribution;

G. Other relief as the Court may deem equitable and just.

Dated: March 9, 2021               Law Offices of Jan Meyer and Associates, P.C.

                                   _____
                                   Joshua Beil, Esq.
                                   Attorney for Plaintiff(s)
                                   1029 Teaneck Road, Second Floor
                                   Teaneck, New Jersey 07666

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rules of Court, notice is hereby given that Jan Meyer, Esq., is designated as trial counsel in the above captioned matter.

Dated: March 9, 2021

Law Offices of Jan Meyer and Associates, P.C.

_____
Joshua Beil, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other civil action pending in any court or of a pending arbitration proceeding, to the best of our knowledge or belief; also to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: March 9, 2021

Law Offices of Jan Meyer and Associates, P.C.

_____
Joshua Beil, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-001912-21**

**Case Caption:** HOUSING AUTHORITY PR OPERTY VS BROAN-NUTONE, LLC
**Case Initiation Date:** 03/09/2021
**Attorney Name:** JOSHUA BEIL
**Firm Name:** JAN MEYER & ASSOCIATES, PC
**Address:** 1029 TEANECK RD 2ND FL TEANECK NJ 07666
**Phone:** 2018629500
**Name of Party:** PLAINTIFF : Housing Authority Property
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** TORT-OTHER
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Housing Authority Property?** NO

**Are sexual abuse claims alleged by: Housing Authority Property?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/09/2021
Dated

/s/ JOSHUA BEIL
Signed